**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER JONES,

              Petitioner - Appellant,

       v.

MATTHEW CATE,

              Respondent - Appellee.

No. 13-56829

D.C. No. 3:09-cv-01896-JM-DHB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted December 9, 2014
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges, and BELL, District Judge.[**]

Petitioner Christopher Jones's federal habeas petition was dismissed as

untimely. The district court granted a certificate of appealability solely as to the

question whether Jones was entitled to equitable tolling. Jones timely appealed.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The Honorable Robert Holmes Bell, District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

We review de novo the dismissal of a petition for writ of habeas corpus as time-barred; we review the district court's findings of fact for clear error. *Forbess v. Franke,* 749 F.3d 837, 839 (9th Cir. 2014). We reverse and remand for consideration of the merits of Jones's habeas petition.

Under *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010)*,* Jones showed that (1) his mental impairment rendered him personally unable to prepare a habeas petition and (2) his mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. The district court correctly found that Jones satisfied the first prong of the *Bills* test because Jones's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

However, the district court erred in finding that Jones did not act diligently in pursuing available remedies. The district court held that Jones failed the second prong of the *Bills* test because between November 19, 1998, when Jones's conviction became final, and August 29, 2009, when Jones filed his federal habeas petition, Jones filed multiple state habeas petitions and sought assistance from other inmates to draft correspondence, complete paperwork, and file prison grievances. Based on these filings, the district court found that Jones was able to

seek assistance from others and that his lack of diligence, not his mental impairment, was the but-for cause of his failure timely to file.

Rather, the only inference which arises is that he was incapable of asking for help in filing a federal habeas petition. Such help was not offered with respect to a possible federal habeas petition until 2009. Therefore, Jones's mental impairment was the but-for cause of Jones's failure timely to file.

**REVERSED and REMANDED.**